Carl S. KELLY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19514.

United States Court of Appeals District of Columbia Circuit.

Argued May 16, 1966.

Decided Nov. 7, 1966.

Petition for Rehearing En Banc Denied Jan. 13, 1967.

Mr. Gerald F. Uelmen (appointed by this court), for appellant. Mr. William W. Greenhalgh, Washington, D. C. (appointed by this court), also entered an appearance for appellant.

Mr. Dean W. Determan, Asst. U. S. Atty., at the time of argument, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and TAMM and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

This is an appeal from a conviction for violation of 21 U.S.C. § 174 (facilitating the concealment or sale of narcotics). One of appellant's points merits comment. Appellant contends that D.C.Code, § 33–402 (unlawful possession of narcotics) was a "lesser included offense" and that it was reversible error for the trial judge to refuse to put to the jury an alternative instruction permitting it to find defendant guilty of this offense.

The lesser included offense rule is set forth in Rule 31(c) of the Federal Rules of Criminal Procedure: "The defendant may be found guilty of an offense necessarily included in the offense charged * * *" For a lesser offense to be "necessarily included" in the offense charged it "must be such that the greater offense cannot be committed without also committing the lesser." Crosby v. United States, 119 U.S.App. D.C. 244, 245, 339 F.2d 743, 744 (1964). The standard is usually applied by ascertaining whether all the elements of the lesser offense, i. e., the elements required to be established to constitute the offense, are also elements of the greater offense. Here unlawful possession of narcotics is not an element of the offense charged.[1] Since a person may obviously be guilty of facilitating the sale of narcotics without ever possessing them, the Crosby test establishes that possession is not a lesser included offense.

---

1. There was no allegation of unlawful possession in the indictment, and hence we need not consider whether or under what circumstances the "lesser included" offense rule may become available by virtue of allegations in the indictment.

While appellant presumably would concede that in general and in theory facilitation may be established without showing possession, he stresses that in actual practice and in his particular case possession is a necessary element of the prosecution's case on facilitation. He underscores the significance of 21 U.S.C. § 174, which establishes a special evidentiary rule whereby conviction is made possible by a mere showing of unlawful possession. Appellant contends that the Government's proof was based in fact on a showing of unlawful possession, that while his possession did not necessarily establish facilitation of sale or concealment, it was impossible in fact for appellant to have committed the federal offense without having committed the local possession offense, and that accordingly possession is a lesser included offense.

 Appellant's contention misconceives the nature and purpose of the lesser included offense doctrine. The doctrine evolved at common law to "prevent the prosecution from failing where some element of the crime charged was not made out." People v. Mussenden, 308 N.Y. 558, 562, 127 N.E.2d 551, 553 (1955). Such aid of the prosecution was also, apparently, the purpose of the 1872 federal statute carried forward into Rule 31(c). United States v. Markis, 352 F.2d 860, 866 (2d Cir. 1965).[2] Although the doctrine may also be invoked by defendant, his right to invoke it does not extend beyond the right of the prosecutor. The right of the prosecutor is limited to the offense of which defendant has been given notice by the indictment and the defendant is not subject to conviction for other offenses because of the nature of the proof. What is controlling is the offense charged in the indictment, not the offense established by the trial proof, whether it is the prosecutor or defendant who is seeking extension from the offense charged to another offense as "necessarily included."

Appellant cannot demand a lesser-included offense instruction not available to the prosecutor on the ground that the rule is one that in effect entitles defendant to "plead for mercy." An element of the mercy-dispensing power is doubtless inherent in the jury system, and may well be a reason why a defendant seeks a lesser included offense instruction, but it is not by itself a permissible basis to justify such an instruction. Sansone v. United States, 380 U.S. 343, 349–350, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); Berra v. United States, 351 U.S. 131, 134–135, 76 S.Ct. 685, 100 L.Ed. 1013 (1956); Sparf v. United States, 156 U.S. 51, 63–64, 15 S.Ct. 273, 39 L.Ed. 343 (1895).

Affirmed.

2. Petition for certiorari was filed December 24, 1965, and is presumably being held in abeyance pending decision in Costello v. United States, #41, October Term 1966, of questions under Federal wagering tax laws.