**UNITED STATES of America**

v.

**Willie WHITAKER, Appellant.**

**No. 23185.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 23, 1970.

Decided May 26, 1971.

As Amended May 27, 1971.

---

Mr. Daniel Gilligan Grove, Washington, D. C. (appointed by this Court) for appellant.

Mr. William S. Block, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before LEVENTHAL, ROBB, and WILKEY, Circuit Judges.

WILKEY, Circuit Judge:

Appellant Whitaker was convicted in the court below under a one-count indictment charging first degree burglary.[1] As one of his points on appeal,[2] he assigns as error the trial court's refusal to instruct the jury on unlawful entry as a lesser included offense of first degree burglary. On the indictment and evidence presented at trial, we conclude that the instruction should have been given and remand for either a new trial or resentencing in accordance with the procedure and for the reasons set forth below.

At approximately 10:45 a. m. on 31 October 1968 appellant Whitaker knocked at the front door of a private home owned by Mr. and Mrs. John O. Fogg on Maryland Avenue, N.E. Mrs. Fogg, alone at the time, was using the telephone inside the house and did not respond to the knock. Whitaker waited for a short while and then threw a brick through the glass portion of the front door. He retreated to the street, walked a short distance away from the house, but then returned and entered it by forcing the front door. At this time Mrs. Fogg was inside her bedroom on the first floor of the house telephoning the police, and had chain-locked the door to the room. Appellant tried this door, but upon finding it locked proceeded up the stairs to the second floor, which included the bedrooms of the Foggs' children and one boarder.

After she heard Whitaker go upstairs, Mrs. Fogg slipped out the back and summoned help. She and her neighbor's brother returned to the front hallway of the house in time to hear Whitaker's

voice on the second floor and to observe him descend the stairs. They accosted the appellant and prevented him from leaving until the police arrived shortly thereafter.

After Whitaker had been placed under arrest, Mrs. Fogg and the arresting officer investigated the second floor of the house, and, apart from finding some of the bedroom doors ajar, detected no sign that anything had been disturbed. According to the officer, Whitaker had been drinking, an observation confirmed by appellant's testimony that he had been imbibing heavily the preceding evening and had swilled at least a half pint of gin on the morning of his arrest.

At the close of all the evidence defense counsel requested that the trial court instruct the jury on unlawful entry as a lesser included offense of first degree burglary. The government successfully blocked this instruction by arguing that for an offense to be lesser included in another, its theoretical elements all must be identically reflected in the theoretical elements of the greater. It was argued that since the offense of unlawful entry required the element of entry without lawful authority and against the will of the lawful occupant, while in certain circumstances burglary could be committed even though the entry was authorized (e. g., entering a place of business open to the public or a friend's apartment with intent to steal), unlawful entry was not a lesser included offense of burglary.

This argument was not inconsistent with previous decisions of this court on fact situations not substantially different from this case.[3] But on the particu-

---

1. 22 D.C.Code 1801(a).

2. Appellant also assigns as error the failure of the trial court to instruct on the crime of attempted burglary and an alleged plain error in the trial court's charge. We consider these points without merit, and we do not see the need for a discussion thereof in view of our disposition on the principal point.

3. Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966). However, in

Fuller v. United States, 132 U.S.App.D.C. 264, 407 F.2d 1199 (1967) (en banc), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969), and in Jackson v. United States, 114 U.S.App.D.C. 181, 313 F.2d 572 (1962), we noted that in view of the history of the crime, an indictment for felony murder gives notice that the defendant may have to meet the charge of second degree murder, even though all of the theoretical elements of the latter were not reflected in the theo-

lar circumstances here we hold that the requested charge on unlawful entry as a lesser included offense should have been given.

## I. The Test for a Lesser Included Offense

■ Rule 31(c), Fed.R.Crim.P., provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged." As the Supreme Court explained, "[i]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justified it, would no doubt be entitled to an instruction which would permit a finding of guilt of the lesser offense." [4]

The National Commission on Reform of Federal Criminal Laws has recommended a comparable definition of a lesser included offense:

(3) Conviction of Included Offenses * * * An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; * * *.[5]

■ This court has held that for the defense (or prosecution) to be entitled to a lesser included offense charge five conditions must be met. First, as with most other charges, a proper request must be made. Second, the elements of the lesser offense must be identical to part of the elements of the greater offense [6] (comparable to definition of Included Offense above). Third, there must be some evidence which would justify conviction of the lesser offense.[7] Fourth, the proof on the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.[8] Fifth, "[i]n general the chargeability of lesser included offenses rests on a principle of mutuality, that if proper, a charge may be demanded by either the prosecution or defense." [9]

■ On the first prerequisite, here Rule 30, Fed.R.Crim.P., was not technically complied with, but the oral request sufficed to inform the trial court clearly of the point involved, as evidenced by the ensuing argument.

■ As to the third, there was ample evidence to justify conviction of unlawful entry.

retical elements of the former. This conclusion was in the nature of a special rule based in part upon numerous prior decisions of this court treating second degree murder as a lesser included offense of felony murder. See 114 U.S.App.D.C., at 183, 313 F.2d, at 574 (1962).

4. Berra v. United States, 351 U.S. 131, 134, 76 S.Ct. 685, 688, 100 L.Ed. 1013 (1956).

5. Study Draft of a New Federal Criminal Code (1970), § 703. *Prosecution for Multiple Related Offenses.* This study draft has now become an official report submitted to Congress. Actually, the Commission, in drafting this section, adopted verbatim the wording of the American Law Institute as set forth in Model Penal Code § 1.07(4), referred to at n. 28, in Fuller v. United States, 132 U.S.App.D.C. 264, 407 F.2d 1199 (1967) (en banc), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).

6. Green v. United States, 127 U.S.App.D.C. 272, 383 F.2d 199 (1967); Kelly v. United

States, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966).

7. Fuller v. United States, 132 U.S.App. D.C. 264, 294, 407 F.2d 1199, 1229 (1967) (en banc), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).

8. Sansome v. United States, 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1964). Of course if there is no dispute about the additional fact or facts which, coupled with the lesser included offense, do constitute a greater offense charged originally in the indictment, then the defendant has no right to a lesser included offense charge to the jury. For the trial court to give such a charge would simply be to invite the jury to exercise a degree of mercy by finding him guilty of a lighter offense, when the proof truly justified conviction as charged.

9. Fuller v. United States, 132 U.S.App. D.C. 264, 295, 407 F.2d 1199, 1230 (1967) (en banc), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).

■ For the fourth, the element in addition to proof of unlawful entry which was necessary to establish burglary was entry with intent to commit a crime, and this was the principal issue in appellant's defense. The jury could have believed appellant's testimony that he entered looking for his friend Williams, and found him innocent of burglary but guilty of unlawful entry, had the lesser included offense charge been given.

This leaves the second, partial identity of elements of the offenses, and the fifth, mutuality, to be analyzed at some length.

## II. *Identical Elements Necessary in the Two Offenses*

To determine that two offenses in a given case are in the relation of greater offense and lesser included offense is not as simple as defining the elements of the two offenses separately and laying them side by side, for this area of law is encrusted with much ancient lore. In our own jurisdiction we have cases apparently speaking as if the elements of the two offenses were to be determined in the abstract solely by the indictment without recourse to the proof adduced at trial,[10] and other opinions pointing out that in the context of particularized offenses an exact replica of the lesser included offense need not be contained in the greater.[11]

Rule 31(c) uses the phrase "necessarily included" to describe the relationship of the elements. "Necessarily included" as of what time? By a comparison of what? The indictment with another indictment (necessarily a theoretical indictment and charge, because the lesser included offense question only arises when no charge of it has been drafted)? The proved elements of each of-

---

10. Kelly v. United States, 125 U.S.App. D.C. 205, 370 F.2d 227 (1966).

11. A charge as a lesser included offense of a crime, which did not in all respects meet the classical test of all elements being contained in the indictment alone, has been required before in this Circuit. We have held that the jury may be, and in some cases is required to be, instructed on second degree murder "as a 'lesser included offense' even though the indictment is solely for felony murder." Speaking strictly from the theoretical elements of the indictment, second degree murder is not a lesser included offense in first degree *felony* murder. Second degree requires an element of "malice aforethought" which is not an element of felony murder, while felony murder requires the element of intent associated with the commission of the felony, not the killing itself. Yet, we have indicated the possibility of going outside the elements of each offense found in the indictments. In Fuller v. United States, while in a strict sense resting our conclusion that second degree murder is a lesser included offense of felony murder on transfer of the "malice" involved in the commission of the felony to the murder, we also said that

[A]n indictment charging murder committed in the course of a felony might be thought inadequate to serve as notice that defendant might have to defend against a charge of murder that was intentional (but not premeditated). But an indictment for murder must be read in the light of the history of the crime. Counsel retained or assigned to defend a man accused of felony-murder are not misled. They are aware that the facts of the homicide are to be brought out, that a verdict of second degree murder is appropriate if there is proof from which the jury might reasonably find that the defendant did not commit one of the enumerated felonies but was guilty of an intentional killing on impulse, and that on this state of proof a charge of second degree murder as a lesser included offense may be requested by prosecution or defense. In short, as Judge Edgerton put it, the felony-murder "indictment and our decisions fully apprised the defendant of what he must be prepared to meet" on the issue of second degree murder.

While this was written in connection with the requirement that the defendant have notice of all charges he might be required to meet (a point we next take up), yet it is illustrative of the idea that the simple mechanistic test of all theoretical elements of the included offense being present in the greater offense charged in the indictment, the test which the prosecution successfully pressed upon the trial court in opposing the lesser included offense charge on unlawful entry, has not always been followed in this Circuit.

fense actually adduced at trial? The Supreme Court quotation above speaks both of "the crime charged" and "the evidence." Likewise, the very recent Draft Federal Criminal Code speaks of "established by proof" and "the facts required."

Merely because a burglary *can* in rare circumstances be accomplished by means of an entry which is "permitted," does it follow that unlawful entry cannot be considered a lesser included offense of burglary in the usual case, as is this one, where the entry is undeniably unauthorized? On the above authorities it would seem that Rule 31(c) should not be so strictly construed.

■■ A more natural, realistic and sound interpretation of the scope of "lesser included offense," in line with our own views on the subject, is that defendant is entitled to invoke Rule 31(c) when a lesser offense is established by the evidence adduced at trial in proof of the greater offense, with the caveat that there must also be an "inherent" relationship between the greater and lesser offenses, i. e., they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense.[12] This latter stipulation is prudently required to foreclose a tendency which might otherwise develop towards misuse by the defense of such rule. In the absence of such restraint defense counsel might be tempted to press the jury for leniency by requesting lesser included offense instructions on every lesser crime that could arguably be made out from any evidence that happened to be introduced at trial. "An element of the mercy-dispensing power is doubtless inherent in the jury system, and may well be a reason why a defendant seeks a lesser included offense instruction, but it is not by itself a permissible basis to justify such an instruction."[13]

■ Turning to the case at bar, appellant Whitaker was originally charged only with first degree burglary. Not only is the offense of burglary usually accompanied by a trespass and hence the offense of unlawful entry, but the criminal activity proscribed by the two offenses violates the same interest—that of the property owner in protecting the integrity of his premises. Considering the proof adduced at trial in support of the charged offense, Whitaker was shown to have battered down the door of a dwelling house in order to gain entry. His entry was by force and was therefore unauthorized and unlawful. All of the elements of unlawful entry were clearly established. To prove burglary, the prosecution had only to establish the additional element of entry with the intent to commit a crime therein.[14]

12. *Cf.* United States v. Heard, 137 U.S. App.D.C. 60, 420 F.2d 628, at 630 (1969).

13. Kelly v. United States, 125 U.S.App. D.C., at 207, 370 F.2d, at 229 (1966).

14. The Government cites Stewart v. United States, 116 U.S.App.D.C. 411, 324 F.2d 443 (1963), for the proposition that the jury determination of guilt on the charge of first degree burglary has resolved the issue of intent against the appellant and therefore "precludes by logical necessity any possibility of error in the trial court's failure to give an unlawful entry instruction."

In *Stewart* we declined to reverse the trial court for its failure to instruct the jury on the charge of unlawful entry as a lesser included offense of housebreaking. The defendant had already been found guilty by the jury of *both* housebreaking *and larceny.* We said that since the jury in rendering its verdict had found a larcenous intent, the failure to give the lesser included offense instruction was harmless. But in reaching the verdict, the jury had been given the opportunity *independently to express its views on the appellant's intent* in deciding the larceny charge. Where no such independent jury determination on the additional elements required to constitute the greater offense is found in the record, we have not hesitated to find prejudicial error warranting reversal. Broughman v. United States, 124 U.S.App.D.C. 54, 331 F.2d 71 (1966).

We think it is unrealistic and artificial, on the statute involved, the indictment, and the proof in this case to deny a lesser included offense instruction on unlawful entry. The statute[15] includes as first degree burglary a breaking and entering without permission; the fact that a "permitted" entry can also serve as the basis for burglary is immaterial here. The indictment was couched in terms [16] under which proof of breaking and entering could be proved as part of the burglary. It was so proved, and there can be absolutely no doubt that the defense was aware that the prosecution would attempt to show breaking and entering as part of its case (a point developed more fully *infra*).

We therefore hold that the test of a lesser included offense was met; in this case unlawful entry was a lesser included offense of the greater offense of burglary.

### III. *Mutuality and Notice of the Lesser Included Offense*

It does not necessarily follow, however, in this case or any other case where the lesser offense had not been formally charged in the original indictment, that either the prosecution or the defense is *entitled* to a lesser included offense charge on the basis of identical elements brought out in the proof justified by the indictment. There is another strand of traditional doctrine present in lesser included offense law, of common law and constitutional origin, that the nature of the charge in the indictment must be such as to give the defendant notice that he could at the same time face the lesser included offense charge.

■■■ This stricture has developed from numerous decisions of the Supreme Court emphasizing the restrictions that both the common law and the Constitution have placed upon the power of court and prosecution to change the charging part of the indictment to the jeopardy of the defendant.[17] Since the prosecutor as well as the defense has recourse to the doctrine of lesser included offenses, and "the right of the prosecutor is limited to the offense of which defendant has been given notice by the

---

15. 22 D.C.Code § 1801(a) (Supp.1969) reads:

> (a) Whoever shall, either in the nighttime or in the daytime, break and enter, or enter without breaking, any dwelling, or room used as a sleeping apartment in any building, with intent to break and carry away any part thereof, or any fixture or other thing attached to or connected thereto or to commit any criminal offense, shall, if any person is in any part of such dwelling or sleeping apartment at the time of such breaking and entering, or entering without breaking, be guilty of burglary in the first degree. Burglary in the first degree shall be punished by imprisonment for not less than five years nor more than thirty years.

16. The indictment reads:

> The Grand Jury charges:
> On or about October 31, 1968, within the District of Columbia, Willie Whitaker entered the dwelling of John O. Fogg and Mary P. Fogg, with intent to commit a criminal offense therein, while the said Mary P. Fogg was present in the said dwelling.

17. In Ex parte Bain, 121 U.S. 1 at 10–13, 7 S.Ct. 781, at 786, 30 L.Ed. 849 (1886), the Supreme Court admonished:

> If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says "no person shall be held to answer," may be * * * destroyed. * * * Any other doctrine would place the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney; for, if it be once held that changes can be made by the consent or the order of the court in the body of the indictment as presented by the grand jury, * * * the restriction which the Constitution places upon the power of the court, in regard to the prerequisite of an indictment in reality no longer exists.

indictment,"[18] the right of the defense to the instruction has by a principle of mutuality also been made subject to this notice requirement.[19]

We do not consider or determine whether there was the requisite mutuality by the traditional test, i. e., whether the prosecutor could have rightfully requested the lesser included offense charge; therefore, whether the defense was entitled to it on request. We could say that the prosecutor was entitled to the charge because the indictment charged under the statute all of the theoretical elements of first degree burglary, and thus gave notice to appellant that the facts required to show his entry ,into the dwelling would be brought out at trial in proof of the charged greater offense. The facts actually required to establish the entry unequivocally established that it was forceful and hence unauthorized. Appellant never denied entry; his whole testimony was a rationale of why he was in the house. Thus statute, charge, and the only to be anticipated proof gave ample notice to the defense, or so it can be argued. But the question is not without difficulty, and we think it unnecessary to determine in the case before us.

■ We can, and do, rest this decision on a different ground, one which may be of easier applicability in future cases than making a somewhat hindsight determination that the defense received adequate notice of an included lesser offense charge. And that is simply to

say that, despite the patina of antiquity, considerations of justice and good judicial administration warrant dispensing with mutuality as an essential prerequisite to the defense's right to a lesser included offense charge.

■ The defense ought not to be restricted by the stringent constitutional limits upon the prosecutor's right. If the proof at trial would support a jury finding of guilt on a lesser included offense in accordance with the usual criteria, then doubt as to whether the prosecutor could rightfully have requested such a charge should not bar the charge being given at the request of the defense. This gives no unfair option to the defense over the prosecution. In most cases the prosecution can foresee whether the proof is likely to develop strongly favoring a verdict on a lesser included offense, in which event the indictment should so charge, which is the prosecutor's option. If the evidence is such that a jury can rationally—and is likely—to choose the lesser offense, then the interests of justice call for the defense to have the option of the lesser included offense—whether the prosecution chose to put it in the indictment or has the right later to request it or not. This recognizes "the jury's central role in our jurisprudence,"[20] and if the jury errs too obviously on the side of mercy instead of justice in determining the offense, the trial judge may be in position to restore some balance at the time of sentencing.[21] The proved facts of the

---

*See also* Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1961), and Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1959).

18. Kelly v. United States, 125 U.S.App. D.C., at 207, 370 F.2d, at 229 (1966).

19. *Id.* Historically, "[t]he doctrine of lesser included offenses originated as a rule for the benefit of the prosecution, to permit a (diminished) charge when there was failure in prosecution proof of an element of the crime charged in the indictment. It was extended to permit the accused to request a lesser included offense instruction." Fuller v. United

States, 132 U.S.App.D.C. 264, n. 40, 407 F.2d 1199, 1230, n. 40 (1967).

20. United States v. Huff, 143 U.S.App.D.C. 163, 442 F.2d 885 (1971).

21. We recognize that not in all instances will the trial judge be in such position, for example, when the charged offense is a felony and verdict is returned on a lesser included offense which is a misdemeanor. In such circumstances the trial judge's power to adjust the sentence where the jury "erred too obviously on the side of mercy" would be limited. But this possibility is no more than one of the inexactitudes risked in the trial of cases

crime remain the same, and may be taken into account by the judge along with all other information available to him concerning the defendant.

The Supreme Court's recent decision in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,[22] rendered on a point which it initiated *sua sponte*, establishes that an abstract insistence on "mutuality" is a concept of justice that has limited strength and must yield to practicalities of administration. In that case such realities supported the wisdom of a doctrine whereby a person who brings litigation to enforce a patent must appreciate that a judgment in his favor may not be binding on others, but a judgment that is adverse may bind him not to sue others. That principle, while not exactly apposite, has elements inherent in the problem before us.

■ Not only justice but the administration of justice will benefit from abandoning any insistence on mutuality as one essential condition of the defense's right to a lesser included offense charge. A final verdict on all possible

charges against the defendant in one trial is to be encouraged.[23] As this case is an example, the number of appeals on this and related points will be reduced.

■ We conclude that the trial court should have given an instruction on unlawful entry as a lesser included offense, and therefore follow the same procedure as in our recent similar cases of United States v. Huff,[24] United States v. Roy L. Thomas[25], and United States v. Seegers.[26]

The "trier of fact necessarily found every fact required for conviction" of the lesser included offense; hence, after hearing both parties and obtaining the Government's consent, the verdict of first degree burglary may be set aside "and a judgment of conviction entered for the included offense."[27] Alternatively, if the District Court considers it in the interests of justice, it may order a new trial. For these purposes the cause is

Remanded.

ROBB, Circuit Judge, concurs in the result only.

---

to juries. And in many cases there are multiple counts, with multiple convictions giving the trial judge a choice of concurrent or consecutive sentences.

22. 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). The Court cited approvingly Judge Friendly's reference to Bentham's description of mutuality of estoppel as a concept "one would suppose to have found its way from the gaming-table to the bench." (at 323, and 328, 91 S.Ct. at 1439, 1442.) A mathematical balance on the books of justice is demonstrably less essential than on the books of wager takers.

23. *Id.*, at 328, 91 S.Ct. at 1442:
The cases and authorities discussed above connect erosion of the mutuality requirement to the goal of limiting re-

litigation of issues where that can be achieved without compromising fairness in particular cases. The courts have often discarded the rule while commenting on crowded dockets and long delays preceding trial. * * * The question in these terms includes as part of the calculus the effect on judicial administration. * * *

24. United States v. Huff, 143 U.S.App. D.C. 163, 442 F.2d 885 (1971).

25. United States v. Thomas, Jr., 144 U.S. App.D.C. 44, 444 F.2d 919 (1971).

26. United States v. Seegers, Jr., 144 U.S. App.D.C. ——, 445 F.2d 232 (1971).

27. § 703(5), Study Draft of a New Federal Criminal Code (1970), *supra*, n. 5.