Michael R. BALSLEY, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 83-38.

Supreme Court of Wyoming.

Sept. 2, 1983.

Michael K. Davis of Redle, Yonkee &
Arney, Sheridan, for appellant.

A.G. McClintock, Atty. Gen., Gerald A.
Stack, Deputy Atty. Gen., John W. Renneis-
en, Sr. Asst. Atty. Gen., Margaret M.
White, Asst. Atty. Gen., Cheyenne, for ap-
pellee.

Before ROONEY, C.J., and RAPER,*
THOMAS, ROSE and BROWN, JJ.

ROSE, Justice.

This appeal asks a single question:

"Is homicide by vehicle under *Wyo.Stat.*
Section 31–5–1117(b) a lesser offense
'necessarily included' [1] in the crime of
aggravated homicide by vehicle under
*Wyo.Stat.* Section 31–5–1117(a)?"

On September 7, 1982, appellant Michael
Balsley was charged by information with a
violation of § 31–5–1117(a), W.S.1977 in the
district court in and for Johnson County,
Wyoming. The information reads:

"Comes now <u>Greg L. Goddard,</u> County
and Prosecuting Attorney of the County
of <u>Johnson</u> and State of Wyoming, and in
the name and by the authority of the
State of Wyoming informs the Court and
gives the Court to understand that <u>Mi-
chael R. Balsley,</u> late of the County afore-
said, on the <u>17th</u> day of <u>July,</u> A.D. <u>1982,</u> at
the County of <u>Johnson</u> in the State of
Wyoming did

---

* Retired June 13, 1983, but continued to partici-
 pate in the decision of the court in this case
 pursuant to order of the court entered June 13,
 1983.

1. Rule 32(c), W.R.Cr.P., provides:

"*Conviction of lesser offense.*—The defend-
ant may be found guilty of an offense *neces-
sarily included* [emphasis added] in the of-
fense charged or of an attempt to commit
either the offense charged or an offense nec-
essarily included therein if the attempt is an
offense."

"while driving any vehicle (namely one 1982 Chevrolet Blazer) under the influence of intoxicating liquor or a controlled substance or a combination of both, to a degree which rendered him incapable of safely driving said vehicle cause the death of another person, (namely, SHAWN O. KINSLOW) in violation of Wyoming Statute 31–5–1117(a) (Rep.Ed. 1982).

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming."

The information recites the language of the pertinent statute, § 31–5–1117(a), W.S. 1977, 1982 Cum.Supp.,[2] which provides:

"Whoever, while driving any vehicle under the influence of either intoxicating liquor or a controlled substance, or a combination of both, to a degree which renders him incapable of safely driving a vehicle, causes the death of another person shall be guilty of aggravated homicide by vehicle, and upon conviction thereof, shall be punished by imprisonment in the penitentiary for not more than twenty (20) years."

The appellant was arraigned before the district court judge on September 22, 1982 who advised him of the charges against him:

"THE COURT: The Information charges that you did on or about the 17th day of July, 1982, County of Johnson, State of Wyoming, while driving a vehicle, namely, one 1982 Chevrolet Blazer, under the influence of intoxicating liquor or a controlled substance or a combination of both, to a degree [which] rendered you incapable of safely driving said vehicle, cause the death of another person, namely, Shawn O. Kinslow, in violation of Wyoming Statute 31–5–1117(a), and that's in the pocket supplements of 1982 in the statutes."

The court then read the aforesaid relevant part of § 31–5–1117(a) to the defendant and the following colloquy ensued:

"THE COURT: Do you understand that this is one of those offenses commonly referred to as a felony for which you could be sentenced to the penitentiary for a period of up to twenty years?

"THE DEFENDANT: Yes, sir.

"THE COURT: The statute also provides for a revocation of license to drive any motor vehicle of any person convicted of that offense. Do you understand this?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Any question about the charges against you?

"THE DEFENDANT: No, sir.

\* \* \* \* \* \*

"THE COURT: All right. How do you answer to the charge, then, Mr. Balsley— are you guilty or not guilty?

"THE DEFENDANT: Not guilty."

The matter proceeded to trial before a 12-person jury on January 10, 1983. On January 12, the parties submitted jury instructions, and for the first time—when the trial was nearly finished—the defendant learned that the State intended to offer instructions by authority of § 31–5–1117(b) under the lesser-included-offense provisions of Rule 32(c), W.R.Cr.P., supra n. 1. Section 31–5–1117(b) provides:

"Whoever, except when the violation of law involves culpable neglect or criminal carelessness, unlawfully and unintentionally, but with a conscious disregard of the safety of others, causes the death of another person while engaged in the violation of any state law or ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except those laws or ordinances relating to conduct set forth in subsection (a) of this section, is guilty of homicide by vehicle when the violation is the proximate cause of death and, upon conviction thereof, shall be fined not more than two thousand dollars ($2,000.00) or imprisoned in the county

---

**2.** Section 31–5–117, W.S.1977, 1982 Cum.Supp. was renumbered by Ch. 171, § 5, 1983 S.L. of Wyoming, as § 6–2–106.

jail for not more than one (1) year, or both."

The court instructed the jury as follows concerning the elements of § 31–5–1117(a):

### "INSTRUCTION NO. 7

"The necessary elements of the crime of Aggravated Vehicular Homicide are:

"1. That the offense was committed on or about July 17, 1982;

"2. That the offense was committed in the County of Johnson, State of Wyoming;

"3. That the defendant was driving a vehicle;

"4. That at the time the defendant was driving said vehicle, the defendant was under the influence of intoxicating liquor to a degree which rendered him incapable of safely driving said vehicle which caused the death of another person (namely, Shawn Kinslow)."

In Instructions 8, 9 and 10, the court instructed the jury concerning the availability of what it determined was the lesser offense of homicide by vehicle. Instructions 8 and 9 provide as follows:

### "INSTRUCTION NO. 8

"If you are not satisfied beyond a reasonable doubt that the Defendant is guilty of the offense charged, he may, however, be found guilty of any lesser offense, the commission of which is necessarily included in the offense charged, if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.

"The offense of Aggravated Homicide by Vehicle with which the defendant is charged, includes the lesser offense of Homicide by Vehicle."

### "INSTRUCTION NO. 9

"The necessary elements of the crime of Homicide by Vehicle are:

3. The statute, § 31–5–1117(b), W.S.1977, 1982 Cum.Supp., says in part:
"* * * any state law * * * except those laws or ordinances relating to conduct set

"1. That the offense was committed on or about July 17, 1982.

"2. That the offense was committed in the County of Johnson, State of Wyoming.

"3. That the defendant did unlawfully and unintentionally

"4. With a conscious disregard of the safety of others

"5. Cause the death of another person (namely Shawn Kinslow).

"6. While said defendant was engaged in the violation of any [3] state law or ordinance applying to the operation or use of a vehicle or to the regulation of traffic.

"7. The violation of said law or ordinance being the proximate cause of the death."

Instruction No. 10 merely instructed the jury concerning the language of § 31–5–1117(b), as set forth above.

The defendant timely objected to the giving of Instructions Nos. 8, 9 and 10:

"MR. YONKEE: · * * *

"The defendant objects to the giving of Instruction Nos. 8, 9 and 10 upon the ground that the crime referred to and defined therein as homicide by vehicle is taken from Section 31–5–1117(b), Wyoming Statutes, and is not an offense included within the offense defined in Section 31–5–1117(a), Wyoming Statutes, which is the statute under which the defendant was complained against, bound over to District Court for trial, and the statute on which the Information in this case is based, and the defendant has not been charged in this case with the crime defined in Section 31–5–1117(b) of Wyoming Statutes."

Defense counsel further objected as follows:

"MR. YONKEE: And the defendant further objects, you know, for the same ground that it's not a lesser included offense on Instruction No. 10, and is appar-

forth in subsection (a) of this section [§ 31–5–1117(a)] * * *."

ently an adoption from 31–5–1117(b) and leaves out language. * * *"

Defense counsel objected to Instruction No. 10 when he said:

"MR. YONKEE: I would like to add to our objections that Instruction No. 10 is taken from that statute which is vague, uncertain and indefinite, unconstitutionally invalid. That's it."

The jury returned its verdict on January 13, 1983, finding the defendant guilty of homicide by vehicle (the putative lesser-included offense) and judgment and sentence were entered upon the verdict on January 24, 1983. The defendant was sentenced to serve one year in the Johnson County jail and fined $2,000. From this judgment the defendant has timely appealed.

### THE LAW

The appellant describes his argument as follows:

"WYOMING STATUTES SECTION 31–5–1117(b) (Homicide by Vehicle) IS NOT A LESSER OFFENSE 'NECESSARILY INCLUDED' IN WYOMING STATUTE SECTION 31–5–1117(a) (Aggravated Homicide by Vehicle) UNDER WYOMING RULE OF CRIMINAL PROCEDURE 32(c) BECAUSE THE PUTATIVE LESSER OFFENSE CONTAINS ELEMENTS NOT INCLUDED IN THE GREATER. THE INFORMATION IN THIS CASE DOES NOT CHARGE APPELLANT WITH A VIOLATION OF SECTION 31–5–1117(b), AND DOES NOT STATE FACTS SUFFICIENT TO ALLEGE A VIOLATION OF SAID STATUTE."

We agree and will reverse.

A decision in this case rests upon our answering the question which asks whether the offense described in § 31–5–1117(b) is "necessarily included" (see n. 1) in the offense described in § 31–5–1117(a). If it is, then it is a lesser offense for which the defendant could be found guilty even though the information only charged him with violating § 31–5–1117(a). If it is not necessarily included, then it is error to in-

struct and submit for jury consideration the putative lesser-included offense.

In *State v. Selig,* Wyo., 635 P.2d 786, 789–790 (1981) we addressed the question having to do with when an alleged lesser offense is "necessarily included" in an offense charged within the meaning of Rule 32(c), W.R.Cr.P. In *Selig* we quoted with approval *United States v. Chapman,* 615 F.2d 1294, 1299 (10th Cir.1980), cert. denied 446 U.S. 967, 100 S.Ct. 2947, 64 L.Ed.2d 827 (1980), where that court said:

"This Court has held that a defendant is entitled to a lesser-included offense instruction when the following five elements are present: (1) a proper request is made; (2) *the elements of the lesser offense are identical to part of the elements of the greater offense;* (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser-included offense, and (5) there is mutuality, *i.e.,* a charge may be demanded by either the United States or the defense. * * *" (Emphasis added.)

We then observed in *Selig,* supra, 635 P.2d at 790:

" * * * The conditions provide guidelines from which a determination can be made as to whether or not the evidence would permit the jury rationally to find the defendant guilty of the lesser offense but not guilty of the greater and whether or not the defendant and prosecution had fair notice of such probability. If so, the lesser-included offense instructions would be proper."

For purposes of this appeal, we direct attention to the second requirement of the *Chapman* test, where the greater offense, under § 31–5–1117(a), is compared to the putative lesser offense as contained in § 31–5–1117(b). It is immediately apparent that elements of the offense described by the latter section are not identical to part of the elements of the greater offense.

A comparison of Instruction No. 7, which describes the elements of aggravated vehicular homicide, with Instruction No. 9, which describes the alleged lesser offense of the crime of homicide by vehicle, reveals that the latter includes elements that are not contained in the greater offense, namely:

1. with conscious disregard of the safety of others, cause the death of another person,

2. while the defendant was engaged in the violation of another state law or ordinance applying to the operation or use of a vehicle or to the regulation of traffic, and that the actor's conduct in violating the law or ordinance was the proximate cause of death.

On the other hand, the crime described in § 31–5–1117(a), can be committed by one who causes death through the use of a motor vehicle while so intoxicated that he or she cannot drive safely.

It is, thus, clear that the crime of homicide by vehicle contains elements which the crime of aggravated vehicular homicide does not, and thereby fails the *Chapman* test which we adopted in *Selig.*

Another test for ascertaining whether a statutorily defined crime may be said to be a lesser-included offense of another is to inquire whether or not the greater offense can be committed without committing the lesser offense. In this respect, we said in *Evanson v. State,* Wyo., 546 P.2d 412, 416 (1976):

"It was put in a little different way by the same court in *Kelly v. United States,* 1966, 125 U.S.App.D.C. 205, 370 F.2d 227, 228, cert. den. 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355, for a lesser offense to be 'necessarily included' in the offense charged, it must be such that the greater offense cannot be committed without also committing the lesser. To the same effect, but not stated so concisely, is *Brantley v. State,* 1900, 9 Wyo. 102, 108, 61 P. 139, 140."

 An examination of Instructions No. 7 and No. 9 reveals that the greater offense described in § 31–5–1117(a) can be committed without also committing the putative lesser offense described in § 31–5–1117(b), because the greater offense can be committed without proof of intent, negligence or the violation of other vehicle laws or ordinances proximately resulting in death, all of which proof is required for conviction under the purported lesser-included offense of homicide by vehicle, § 31–5–1117(b).

As we noted in *Evanson v. State,* 546 P.2d at 415, Rule 32(c), W.R.Cr.P. is identical to Rule 31(c), F.R.Cr.P. This court has recognized that federal cases interpreting federal rules adopted in Wyoming are "highly persuasive." *Robertson v. T.W.P., Inc.,* Wyo., 656 P.2d 547, 552 (1983).

The annotation at 11 A.L.R.Fed. 173 and the supplement thereto collects cases under the term "necessarily included." In that annotation, the authors summarize the holdings of cases on this issue:

"The principles emerging from the cases demand that two requirements exist concurrently in order for an offense to constitute a necessarily included offense under Rule 31(c) of the Federal Rules of Criminal Procedure. If either of the two requirements is not present, the claimed included offense cannot constitute a necessarily included offense under Rule 31(c).

"Firstly, the offense which is claimed to be a lesser, necessarily included offense must indeed be lesser than the charged offense. This requirement can be met only where the included offense involves fewer of the same constituent elements as the charged greater offense, and where the claimed lesser offense has a lighter penalty attached to it than does the charged offense.

"And secondly, the two offenses must share common elements. Thus, the claimed included offense must have the same elements as, although fewer of those elements than, the charged greater offense." 11 A.L.R.Fed. at 178.

This summary is clearly consistent with the court's holding in *Selig* and its prior rulings in *Evanson v. State,* 546 P.2d at 412.

*Conclusion*

■ In summary, we hold that a crime described by statute may not be necessarily included within another statutory offense unless all of the elements within the claimed lesser offense are to be found in the greater, and unless the greater offense cannot be committed without also committing the putative lesser offense.

■ In the case at bar there are actually two elements contained in § 35–5–1117(b), which do not appear in § 35–5–1117(a): negligence and death resulting from the violation of motor vehicle laws or ordinances other than driving while under the influence of intoxicating liquor. For these reasons, § 35–5–1117(b), W.S.1977, 1982 Cum.Supp. is not a lesser-included offense within the ambit of § 35–5–1117(a), W.S. 1977, 1982 Cum.Supp.

Reversed.

BROWN, Justice, specially concurring, joined by ROONEY, Chief Justice.

I agree with the result reached by the majority, but believe it has adopted a test that is unnecessarily rigid. The majority at page 1329 says:

"In summary, we hold that a crime described by statute may not be necessarily included within another statutory offense unless all of the elements within the claimed lesser offense are to be found in the greater, and, unless the greater offense cannot be committed without also committing the putative lesser offense." [1]

In *Evanson v. State,* Wyo., 546 P.2d 412, 417 (1976), we evidenced more flexibility, "the descending succession of offenses can be measured by more than one standard." In *United States v. Whitaker,* 447 F.2d 314, 144 A.D.C. 344 (D.C.Cir.1971), the court held that the offense, "unlawful entry," was a lesser included offense of burglary even though "unlawful entry" required the elements of entry without lawful authority

and against the will of the lawful occupant, while in certain circumstances burglary could be committed even though the entry was authorized. According to *Whitaker,* in certain circumstances all the elements within the lesser offense need not be found in the greater offense, and the greater offense could be committed without committing the lesser.

" * * * A more natural, realistic and sound interpretation of the scope of 'lesser included offense,' in line with our own views on the subject, is that defendant is entitled to invoke Rule 31(c) when a lesser offense is established by the evidence adduced at trial in proof of the greater offense, with the caveat that *there must also be an 'inherent' relationship between the greater and lesser offenses, i.e., they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably,* proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense. * * *" (Emphasis added.) *United States v. Whitaker,* supra, at 319.

In *United States v. Pino,* 606 F.2d 908 (10th Cir.1979), the court held that the defendant was entitled to an instruction on the offense of "careless driving" as a lesser included offense to the involuntary manslaughter by automobile charged in the indictment. The court stated:

" * * * [T]he Government contends that * * * the lesser offense does not qualify here because 'the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser.' [Citations.] * * * Involuntary manslaughter, it is said, can be committed in a number of ways other than by operating a vehicle and hence, from the statutory provisions alone, arguably the greater offense could be committed with-

1. There is a difference between an offense "necessarily included" and a "lesser included" offense, but the terms are used interchangeably by the courts. An offense "necessarily included" denotes a relationship which always exists

between two offense categories, regardless of the facts of a particular case. A "lesser included" offense depends upon particular facts. *Olais-Castro v. United States,* 416 F.2d 1155 (9th Cir.1969).

**1330**

out committing an act connected with the lesser.

"We are not convinced that so strict an application of the rule is proper. It is true that common law cases earlier dictated a strict adherence to the statutory elements alone and analysis of them as the basis for determining the availability of a lesser offense charge. [Citation.] We are persuaded, however, not to apply the artificial analysis suggested by the Government and that instead the availability of the lesser-included-offense instruction should be decided in practical terms of the evidence developed in this case on the offense charged. [Citation.]" *United States v. Pino,* supra, at 915–916.

The test approved in *Whitaker* and *Pino* is known as the "inherent relationship" test. Subsections (a) and (b) of § 31–5–1117, W.S.1977, both relate to the protection of the same interests. They are aimed at increasing road safety and protecting human life, and designed to deter careless driving. Under the test it would appear that subsection (b) is a lesser included offense of subsection (a). However, in *Whitaker,* the court also held that due process notice requirements must be satisfied, that is, where the information charges a defendant with a violation of the greater offense, he must have notice that he may be found guilty of the lesser. It is here that I have problems in this case because the lesser offense may involve misconduct divorced from driving while intoxicated.

Violation of any traffic safety law may be used to convict an individual under subsection (b). The notice, by charging a violation of subsection (a), alone, did not apprise appellant that he may be called to defend himself under subsection (b).

In the future, if the facts so justify, prosecutors may want to allege violation of both statutes in the information. If the defendant seeks to strike, contending that subsection (b) is a lesser included offense and therefore surplusage in the information, he can hardly object to the instructions later. He will have received notice.

The majority has determined that the crime described in § 35–5–1117(b), supra, cannot be a lesser included offense of the crime decribed in § 35–5–1117(a), supra. In other words, the majority says that they are distinct and separate crimes and therefore, a person could be charged, convicted and sentenced for violations of both subsections (a) and (b), if there was another traffic violation in addition to the drinking. A person driving under the influence of intoxicating liquor almost always violates some other traffic regulation such as speeding, driving on the wrong side of the road, illegal passing, etc.

Under the majority's approach prosecutors could and likely will charge in one count homicide by vehicle under subsection (a), a felony, and in another count homicide by vehicle under subsection (b), a misdemeanor. In the latter count the prosecutors could allege an underlying traffic violation such as speeding, illegal passing or some other traffic offense. If two convictions result, will the majority uphold them where there was but a single act causing "the death of another person"? I believe at that time the majority here will have to do more than "trip the light fantastic" to dance around a multiplicitous charge and conviction.[2]

The test set out by the majority to determine offenses that are necessarily included or lesser included seems to preclude the inherent relationship test. I do not desire to be committed to such an inflexible standard.

---

**2.** A multiplicitous information or indictment is one charging the same offense in more than one count. *Gerberding v. United States,* 471 F.2d 55 (8th Cir.1973).