**Valerie Yvonne AMIN, a/k/a Valerie Banks, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 84-74.

Supreme Court of Wyoming.

Jan. 31, 1985.

Leonard D. Munker, State Public Defender, Sylvia Lee Hackl, Appellate Counsel, Martin J. McClain, Asst. Appellate Counsel; and Denise Nau, Wyoming Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., John W. Renneisen, Sr. Asst. Atty. Gen., and David K. Gruver, Legan Intern, Cheyenne, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant was convicted of aggravated robbery and kidnapping. The issue is whether the court should have given five lesser included offense instructions proposed by appellant. We will affirm.

James Whitehead and his wife were in the process of moving from Wyoming and they needed cardboard boxes for packing their possessions. In his search for boxes on July 10, 1983, Whitehead went to several business establishments, including the Lamp Lounge. Outside the lounge, at about one o'clock a.m., according to Whitehead, he was accosted by appellant Valerie Yvonne Amin. Mrs. Amin was engaged in prostitution and propounded to Whitehead a business proposition, which he rejected. Thereupon she exhibited a handgun and persuaded Whitehead to get into his automobile and drive to an isolated area about six blocks from the lounge. Another car pulled in behind Whitehead's car and Abdula Amin, husband of appellant, approached the Whitehead car. Whitehead attempted to escape from his car, but was struck by Abdula. He was further assaulted and his wallet, watch, cassette player and other items were taken.

According to appellant she and Whitehead had struck a bargain and he paid $60, after which they repaired to an isolated area about six blocks from the Lamp Lounge. After appellant had performed under the contract, Whitehead demanded a refund and employed self help to recover the $60. At this juncture, according to appellant, Abdula Amin arrived and did nothing more than help his wife out of Whitehead's car. Another man, who had arrived with Mr. Amin, approached Whitehead, but appellant did not know what, if anything, happened after that.

During the instruction conference appellant offered instructions on simple assault, battery, reckless endangering, and larceny. At this conference appellant argued for a simple robbery instruction, but did not offer one. She contends that the instructions offered and suggested were lesser included offenses. Appellant was tentative about proper lesser included offense instructions. At the conference the court inquired of counsel whether the proposed instruction on reckless endangering was a lesser included offense to aggravated robbery or to kidnapping. Counsel replied:

"I believe in this particular case it would be in kidnapping. However, I think it could potentially apply to both charges. But it would seem more in line with the kidnapping allegation. I would offer it as to both charges, as far as I'm concerned."

Appellant's reasons and argument in support of the lesser included offense of reckless endangering is not atypical of the argument and reasons given in support of the other proposed lesser included offenses. The trial court refused to give any of the offered or suggested instructions.

During the instruction conference appellant did not identify any evidence which, if believed by the jury, would result in a conviction of a lesser included offense, nor does she identify such evidence on appeal. If accepted by the jury as true, the evidence produced by appellant would have resulted in an acquittal on both counts of the information.

The basic law in Wyoming with respect to lesser included offenses is set out in two recent cases. In *Selig v. State*, Wyo., 635 P.2d 786 (1981), we adopted the test for instructing on a lesser included offense from *United States v. Chapman*, 615 F.2d 1294, 1299 (10th Cir.1980), cert. denied 446 U.S. 967, 100 S.Ct. 2947, 64 L.Ed.2d 827 (1980), as follows:

"This Court has held that a defendant is entitled to a lesser-included offense instruction when the following five elements are present: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence that would justify conviction of the lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser-included offense, and (5) there is mutuality, i.e., a charge may be demanded by either the United States or the defense. [Citation.]"

In *Balsley v. State*, Wyo., 668 P.2d 1324, 1329 (1983) the court said:

"In summary, we hold that a crime described by statute may not be necessarily included within another statutory offense unless all of the elements within the claimed lesser offense are to be found in the greater, and unless the greater offense cannot be committed without also committing the putative lesser offense."

*Selig* and *Balsley* are not inconsistent with *Sansone v. United States*, 380 U.S. 343, 349–350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882, 887–888 (1965):

" * * * Rule 31(c) of the Federal Rules of Criminal Procedure provides in relevant part, that the 'defendant may be found guilty of an offense necessarily included in the offense charged.' Thus, '[i]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it * * * [is] entitled to an instruction which would permit a find-

ing of guilt of the lesser offense.' [Citations.] But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. [Citations.] In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. [Citations.] * * * "

In the case before us appellant was charged with aggravated robbery defined in § 6-2-401(c)(ii), W.S.1977 (June 1983 Replacement):

"(c) Aggravated robbery is a felony punishable by imprisonment for not less than five (5) years nor more than twenty-five (25) years if in the course of committing the crime of robbery the person:

\* \* \* \* \* \*

"(ii) Uses or exhibits a deadly weapon or a simulated deadly weapon."

Appellant Amin was also charged with kidnapping, defined in § 6-2-201(a)(ii), W.S. 1977 (June 1983 Replacement):

"(a) A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business or from the vicinity where he was at the time of the removal, or if he unlawfully confines another person, with the intent to:

\* \* \* \* \* \*

"(ii) Facilitate the commission of a felony."

Appellant was convicted of both charges.

Section 6-2-501(a), W.S.1977 (June 1983 Replacement) provides:

"(a) A person is guilty of simple assault if, having the present ability to do so, he unlawfully attempts to cause bodily injury to another."

■ Under this statute a person is guilty of simple assault if, having the present ability to do so, he unlawfully attempts to cause bodily injury to another. Present ability to cause bodily injury and attempt to cause bodily injury are not elements of aggravated robbery or kidnapping. Stated another way, both aggravated robbery and kidnapping could be committed without committing simple assault. Therefore, assault is not a necessarily included offense of either aggravated robbery or kidnapping. *Balsley v. State,* supra.

■ Section 6-2-501(b), W.S.1977 (June 1983 Replacement) provides:

"(b) A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another."

The elements of battery are an unlawful touching of another, in a rude, insolent or angry manner or intentionally, knowingly or recklessly causing bodily harm. An aggravated robbery or kidnapping can be committed without either of these elements; therefore, battery is not a necessarily included offense of aggravated robbery or kidnapping. *State v. Balsley,* supra.

■ Appellant offered three instructions on reckless endangering. Section 6-2-504, W.S.1977 (June 1983 Replacement) provides:

"(a) A person is guilty of reckless endangering if he recklessly engages in conduct which places another person in danger of death or serious bodily injury.

"(b) Any person who knowingly points a firearm at or in the direction of another, whether or not the person believes the firearm is loaded, is guilty of reckless endangering unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another."

Aggravated robbery could be committed without placing a person in danger of death or serious bodily injury. Likewise, the crime could be committed without pointing a firearm at or in the direction of another. About the only elements of the offense that kidnapping and reckless endangering have in common are venue, date of alleged

offense and name of the accused. Kidnapping could be committed without doing any of the things proscribed by the reckless endangering statute.

■ According to the strict test in *Balsley*, simple assault, battery and reckless endangering are not lesser included offenses of the crimes of aggravated robbery or kidnapping. Theoretically, larceny and robbery may be lesser included offenses of aggravated robbery, but an instruction on a lesser included offense need not be given where, as here, there is no evidence to support it.

■ The basic flaw in appellant's argument for lesser included offense instructions is that there was no evidence to justify any of the five requested instructions. Appellant's evidence was that Whitehead tried to take from her person money that she had earned. According to her she only tried to retain that which was hers. On the other hand, Whitehead described a scam engaged in by appellant, her husband and perhaps another, resulting in him being robbed.

The trouble with giving lesser included offense instructions that are not justified by the evidence is that 1) the jury becomes confused and may do strange things, and 2) the jury is invited to compromise. This could be an advantage to the defendant, but sometimes it is not. In either event, justice is not served.

"An instruction should not be given if it is not reasonably supported by the evidence, or if it is not based on some theory logically derived from some part of the evidence. Therefore, an instruction should not be given based on evidence which at best raises a possibility or conjecture, or which is inconsistent with the physical facts. * * *" *Patterson v. State*, Wyo., 682 P.2d 1049, 1051 (1984).

"* * * The law does not require instructions on all offenses theoretically included in every criminal information based upon the possibility that the jury might simply disbelieve the state's evidence. [Citation.]" *State v. Wilson*, 113 Ariz. 360, 363, 555 P.2d 321, 325 (1976).

"* * * We can see no reason for submitting the issue of any lesser offense when the evidence conclusively shows the defendant guilty of the highest degree of homicide. While the jury might, if that question were submitted to them, return some verdict of a lesser crime, this does not require the court to invite them to do so by submitting to them a theory of the case not rationally supported by the evidence." *Richmond v. State*, Wyo., 554 P.2d 1217, 1233 (1976).

"* * * The trial court should only give such instructions as arise from the evidence and when the evidence shows that the defendant is either guilty or not guilty of the higher grade of the offense, the court is not required to instruct on the lesser offense. *Oldham v. State*, Wyo., 534 P.2d 107, 109 (1975). See also, *Stamper v. State*, Wyo., 662 P.2d 82 (1983).

The following cases are helpful. The Washington Supreme Court in *State v. Snider*, 70 Wash.2d 326, 422 P.2d 816 (1967), found that a defendant charged with robbery was not entitled to a lesser included offense instruction of larceny. The defendant there denied taking any property, but did not deny accosting the victim. This is similar to the present case, where, if appellant committed a larceny it was accomplished by force. Similarly, in *State v. Long*, 234 Kan. 580, 675 P.2d 832 (1984), the court found that a defendant charged with robbery was not entitled to the lesser offense instruction of theft where he admitted "brushing" the victim, but denied taking any money. Finally, in *State v. Yarbrough*, 131 Ariz. 70, 638 P.2d 737 (1981), the court found no basis for giving a lesser included offense instruction of theft when the defendant was charged with robbery, citing the standard of "either guilty of the crime charged or not guilty at all."

■ A defendant is entitled to lesser included offense instructions when a rational view of the evidence would permit a finding of guilt of the lesser offense and not guilty

of the greater offense. In this case resolution of any of the conflicting evidence in favor of appellant would result in an acquittal, not merely a finding of not guilty of the principal offense, but guilty of one or more lesser offenses. There is no evidence, which if believed by the jury, would result in an acquittal of the principal offenses and a finding of guilty of one or more of the proposed lesser included offenses.

The trial court properly refused to give lesser included offense instructions.

Affirmed.

ROSE, Justice, concurring.

I fully agree with the conclusion reached by the majority in this case that no evidence in the record justifies submitting the lesser-offense instructions to the jury. I write separately to point out that, under the doctrine of lesser-included offenses, one offense is necessarily included within another if the elements of the minor offense are identical to part of the statutory elements of the greater offense *charged in the information.* The fact that it is possible to commit an aggravated robbery without also committing assault does not preclude a simple-assault instruction where, as in this case, the form of aggravated robbery charged includes the elements of assault.

Rule 32(c), W.R.Cr.P., specifies that a defendant may be convicted of an uncharged offense necessarily included in the particular offense charged in the information:

"(c) *Conviction of lesser offense.*—The defendant may be found guilty of an offense necessarily included in the *offense charged* or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." (Emphasis added.)

In developing criteria for applying this rule in *Balsley v. State,* Wyo., 668 P.2d 1324 (1983), and *State v. Selig,* Wyo., 635 P.2d 786 (1981), we measured the elements of the purported lesser-included offense against the elements of the specific offense charged in the information.

The United States Court of Appeals for the District of Columbia Circuit, in interpreting the identical Rule 31(c), F.R.Cr.P., held that, even though robbery without assault is possible, assault with intent to rob is necessarily included in robbery where the indictment charged a taking by force and violence. *Joyner v. United States,* 116 A.D.C. 76, 320 F.2d 798 (D.C.Cir.1963). Furthermore, the statutory offense charged in the indictment, not the offense established by trial proof, controls the propriety of the lesser-included-offense instruction. *Kelly v. United States,* 125 A.D.C. 205, 370 F.2d 227 (D.C.Cir.1966), cert. denied 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967). The Supreme Court of Iowa, in *State v. Sangster,* Iowa, 299 N.W.2d 661, 663–664 (1980), framed the test as follows:

"The elements of an offense are determined by the statute defining it rather than by the charge or the evidence. [Citation.] When the statute defines an offense alternatively, the relevant definition is the one for the offense involved in the particular prosecution. [Citations.] "When the elements of the major offense are identified, the next inquiry is whether the elements of the lesser offense are included in them. For that purpose, it is necessary to identify the elements of the lesser offense. If the minor offense is defined alternatively, the offense is included if any of the alternatives are included. * * * Because an offense is necessarily included in another if it is an elementary part of the greater, an offense is necessarily included if one of its statutory definitions makes it an elementary part of a greater offense. When so included, the major offense cannot be committed without also committing the minor offense."

The above rules follow from the nature and purpose of the lesser-included-offense doctrine. The doctrine developed at common law to aid the prosecution in cases where the evidence failed to establish some

element of the offense originally charged. *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973). Although the defendant may also request a lesser-included-offense instruction, his right extends no further than that of the prosecutor. The right of the prosecutor is limited to the offense made known to the defendant through the indictment or information. *Kelly v. United States*, supra.

The information in the instant case charges that appellant

" * * * did unlawfully and feloniously, steal, take and carry away $165.00 in cash, a watch valued at $50.00 and a wallet valued at $6.00, the property of James Whitehead, with intent to deprive James Whitehead, the owner or lawful possessor, and *during the course of committing the crime use or exhibit a deadly weapon or a simulated deadly weapon*, contrary to W.S. § 6–2–401(c)(ii), 1977 Republished Edition."

Section 6–2–401(c)(ii), W.S.1977 (June 1983 Replacement), provides:

"(c) Aggravated robbery is a felony punishable by imprisonment for not less than five (5) years nor more than twenty-five (25) years if in the course of committing the crime of robbery the person:

* * * * * *

"(ii) *Uses or exhibits a deadly weapon or a simulated deadly weapon.*" (Emphasis added.)

Robbery is defined in § 6–2–401(a), W.S. 1977 (June 1983 Replacement):

"(a) A person is guilty of robbery if in the course of committing [larceny] he:

"(i) *Inflicts bodily injury upon another;* or

"(ii) Threatens another with or intentionally puts him in fear of immediate bodily injury." (Emphasis added.)

Thus, appellant was on notice that the State might attempt to establish aggravated robbery through proof of her use of a deadly weapon and infliction of bodily harm.

I agree with the majority that battery requires proof of a state of mind not required for conviction of the charged offense, and that reckless endangering also contains elements not found in the charged crime. Therefore, these offenses are not necessarily included within aggravated robbery, as charged in the information. All of the elements of simple assault, however, can be found in the charged crime.

Section 6–2–501(a), W.S.1977 (June 1983 Replacement), provides:

"A person is guilty of simple assault if, having the present ability to do so, he unlawfully attempts to cause bodily injury to another."

Present ability to cause bodily injury cannot be considered a distinct element from "Uses or exhibits a deadly weapon," § 6–2–401(c)(ii), since proof of appellant's use of a deadly weapon necessarily results in proof of her ability to cause bodily injury. In addition, both simple assault and aggravated robbery contain the bodily injury element and an attempt to cause the common element is not a disqualifying element under Rule 32(c). Therefore, simple assault is a lesser-included offense of aggravated robbery, as charged. See *Joyner v. United States*, supra.

The evidence presented at trial, however, did not support an instruction on simple assault. The conflict to be resolved by the jury was whether appellant or some unknown assailant robbed Mr. Whitehead. No evidence suggests that appellant committed only assault. Therefore, appellant failed to satisfy prong four of the Chapman test as set out in *State v. Selig*, supra, 635 P.2d at 790, and followed in *Balsley v. State*, supra:

" * * * (4) [T]he proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser-included offense * * *."

The trial court properly refused appellant's requested instructions based on insufficiency of the evidence.