GOVERNMENT OF THE VIRGIN ISLANDS

v.

RAMON PARRILLA, Appellant

No. 76-1590

United States Court of Appeals

Third Circuit

Argued December 7, 1976

Filed February 16, 1977

KENNETH A. ROSSKOPF, ESQ., Christiansted, St. Croix, V.I., *for appellee*

MARK L. MILLIGAN, ESQ., Assistant U.S. attorney, Christiansted, St. Croix, V.I., *for appellee*

Before SEITZ, *Chief Judge*, GIBBONS and HUNTER, *Circuit Judges*

## OPINION OF THE COURT

GIBBONS, *Circuit Judge*

Ramon Parrilla appeals from a sentence imposed after a jury verdict finding him guilty of carrying or using a dangerous weapon in violation of 14 V.I.C. § 2251(a)(2).[1] He asserts ten grounds for reversal, none of which justify relief.[2] Although we affirm the judgment below, Parrilla's

---

[1] § 2251. Carrying or using dangerous weapons
    (a) Whoever—

*   *   *

    (2) with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stilleto, or any other dangerous or deadly weapon shall—
    (A) be fined not more than $1000 or imprisoned not more than two (2) years, or both; or
    (B) if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in section 2253(d)(1) hereof) shall be fined not more than $2,000 or imprisoned not more than five (5) years, or both, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

[2] The ten grounds urged by appellant are as follows:
    That he was improperly denied his right to counsel at his initial appearance in the Municipal Court of the Virgin Islands;

contention that he was entitled to a jury instruction on a lesser included offense calls for discussion.

Parrilla was charged in a two count information with assault third degree[3] and carrying or using a dangerous weapon.[4] The information was the consequence of an incident at the Pueblo Supermarket in Christiansted, St. Croix, on January 15, 1976. On that date Parrilla was arrested and charged in the Municipal Court with assault third degree and brandishing. The information, filed on January 21, 1976, did not include a brandishing count.

Prior to his trial Parrilla moved to dismiss the 14 V.I.C. § 2251(a)(2) count on double jeopardy grounds. The court granted this motion, holding that under the test of Blockburger v. United States, 284 U.S. 299 (1932) that charge was a lesser included offense of assault third degree. The court reasoned that assault with a deadly weapon

---

That 14 V.I.C. § 2251(a)(2) is unconstitutional by reason of violating the bar of former jeopardy of the fifth amendment to the United States Constitution;

The appellant was deprived of a fair and impartial jury because the jury was present in court during an unrelated naturalization proceeding, prior to trial;

That the information contained prejudicial surplusage;

That denial of appellant's preliminary motion in liminie required him to incriminate himself;

That the jury charge erroneously broadened the basis for criminal liability;

That the failure to give a lesser included offense charge was plain error;

That the prosecutor's exercise of discretion denied appellant equal protection of the laws;

That 14 V.I.C. §§ 2251(a)(2) and 621(2) are void for vagueness; and

That there was insufficient evidence to support the jury verdict.

[3] § 297. Assault in the third degree

Whoever, under circumstances not amounting to an assault in the first or second degree—

(1) assaults another person with intent to commit a felony;

(2) assaults another with a deadly weapon;

(3) assaults another with premeditated design and by use of means calculated to inflict great bodily harm;

(4) assaults another and inflicts serious bodily injury upon the person assaulted; or whoever under any circumstances;

(5) assaults a peace officer in the lawful discharge of the duties of his office with a weapon of any kind, if it was known or declared to the defendant that the person assaulted was a peace officer discharging an official duty;—

shall be fined not more than $500 or imprisoned not more than 5 years or both.

[4] See note 1, supra.

662

necessarily included the possession of that weapon. At the end of the trial the court charged that 14 V.I.C. § 2251(a)(2) was a lesser included offense, but declined a request for a similar instruction on brandishing.[5] At the end of Court's charge the following occurred:

[The Court] At this time I ask counsel to come to sidebar for our last sidebar conference to determine whether there are any instructions that I should give which I failed to give or whether any instructions should be corrected.

(whereupon the following occurred at sidebar out of the hearing of the Jury)

The Court: First of all, you asked for an instruction on brandishing a deadly weapon. I am rejecting it because it is not a lesser included offense. This offense has elements that are not found in the crime charged, and that element is that it has to be done before two or more persons. . . .

The jury returned a verdict of guilty of violation of 14 V.I.C. § 2251(a)(2). The guilty verdict on this lesser included offense involved a lesser penalty for Parrilla, since the maximum sentence on the assault charge was five years, while that on the possession of a deadly weapon charge was two. A verdict of guilty of brandishing a deadly weapon would have meant an even lighter sentence for defendant, since the maximum sentence is one year. Parrilla appeals from a two-year sentence.

■ The government concedes that the test for determining which verdicts a jury may return under Rule 31, Fed. R. Crim. P., and thus which should be included in the charge, is set forth in Sansone v. United States, 380 U.S. 343, 349–50 (1965).

---

[5] § 621. Brandishing, exhibiting, or using deadly weapons
    Whoever—
      (1) not in necessary self-defense, and in the presence of two or more persons, draws or exhibits any deadly weapon in a rude, angry, and threatening manner; or
      (2) in any manner unlawfully uses the same in any fight or quarrel—
shall be fined not more than $200 or imprisoned not more than 1 year, or both.

". . . in a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it . . . [is] entitled to an instruction which would permit a finding of guilt of the lesser offense." (Citation omitted.) . . . But a lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. (Citation omitted.) In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. (Citation omitted.)

As this court explained in Government of the Virgin Islands v. Carmona, 422 F.2d 95, 100 (3d Cir. 1970):

First, the lesser included offense must be comprised solely of some but not all of the elements of the offense charged. Second, there must be a genuine conflict of evidence as to an element of the offense charged, which element is not shared by the lesser included offense.

■ Appellant argues that the trial evidence would clearly have supported a verdict of guilty on a charge of brandishing, for it was plain that appellant exhibited his knife in a threatening manner in the presence of two or more persons. We agree, but the fact that brandishing as defined by 14 V.I.C. § 621(1) was proved is not sufficient to make that crime a lesser included offense of assault third degree. The test, as set forth in Carmona, interpreting Sansone, requires a comparison of the statutory elements of the two offenses. Even a cursory comparison of 14 V.I.C. § 297(2) with 14 V.I.C. § 621(1) reveals that Judge Young was correct in concluding that the lesser offense contains an additional element not found in the former: that the conduct occur in the presence of two or more persons.

■ What gives us pause is the realization that 14 V.I.C. § 621(2) does not require the presence of two or more

persons. Thus brandishing, as defined in the second subsection of § 621, may very well be a lesser included offense of assault third degree. And arguably the evidence supports a finding of guilt under that subsection. However, appellant never requested a § 621(2) charge. Appellant's request for charge sought an instruction that:

"Brandishing a deadly weapon around people in a threatening or angry fashion is a crime unless it is done in necessary self-defense." (11a)

Although the requested charge does not track the statute with precision, the references to "people" in the plural, and to a "threatening or angry fashion" clearly indicate a request for a § 621(1) charge. We can find no error in the failure of a trial judge to give a lesser included offense charge not requested by the defendant.

▮ Defendant also requested an instruction on "Disturbing the Peace," 14 V.I.C. § 622(1).[6] However, that crime involves willful or malicious conduct. An assault in the third degree under the Virgin Islands Code must be intentional, but the offense does not contain this specification of willful or malicious conduct. Thus, an element of the § 622(1) violation is not present in the § 297(a) violation, such that under Virgin Islands law, Disturbing the Peace is not a lesser included offense of Assault with a deadly weapon.[7] It was not error for the trial judge to refuse to give a § 622(1) instruction.

The judgment appealed from will be affirmed.

---

[6] 14 V.I.C. § 622(1) provides:

    Whoever maliciously and willfully—
       (1) disturbs the peace or quiet of any village, town, neighborhood or person, by loud or unusual noise, or by tumultuous offensive conduct, or threatening, traducing, quarreling, challenging to fight or fighting;

      .    .    .

    shall be fined not more than $100 or imprisoned not more than 90 days, or both.

[7] Chief Judge Seitz does not agree with this conclusion. However, he joins in the result because there must be a genuine conflict of evidence as to an element of the offense charged, and there was no such conflict here. See Gov't. of the Virgin Islands v. Carmona, 422 F.2d 95 (3d Cir. 1970).