**UNITED STATES of America, Appellee,**

v.

**Jerry E. CAMPBELL, Appellant.**

**No. 81–1103.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 8, 1981.

Decided July 10, 1981.

Scott F. Tilsen, Asst. Federal Defender, D. Minn., Minneapolis, Minn., for appellant.

Thomas K. Berg, U. S. Atty., Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., Ellen McVeigh, Legal Intern, for appellee.

Before STEPHENSON and McMILLIAN, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

Appellant Jerry E. Campbell appeals from a jury conviction[1] of attempting to introduce marijuana into the federal correctional institution at Sandstone, Minnesota, in violation of 18 U.S.C. § 1791 (1976) and 28 C.F.R. § 6.1. The single issue before us is whether the district court erred in declining to give a lesser included offense instruction on simple possession of marijuana, 21 U.S.C. § 844 (1976).

For the reasons discussed below, we affirm the conviction and judgment of the district court.

Appellant was charged under a single-count grand jury indictment on June 6, 1980, with actions occurring at the time of a March, 1980, visit to his brother, an inmate at the Sandstone Federal Correctional Institution. Most of the pertinent facts are uncontested. Upon passing through the metal detector in the lobby, appellant set off the alarm. After removal of gum and a small pocket knife from his pocket the alarm still sounded, causing correctional officer Walter Tigges to utilize a handheld metal detector. The alarm sounded in the area of appellant's left armpit or left shirt pocket. Appellant then reached under his sweater and, with a sound like tape being pulled free, removed a crumpled cigarette package with tape affixed to it. Colored objects (balloons) were visible in the package. Appellant was permitted to place the package into a locker provided for visitors and to proceed with his visit. Upon completion of the visit appellant was informed that he was free to leave, but that the locker would not be opened until a search warrant had been issued. At this time, according to the testimony of chief correctional officer Gene Gill, appellant admitted that the cigarette package had been taped under his arm and that it contained marijuana. Gill further testified that appellant stated he had hitchhiked from Iowa and had taped the package to his body to keep from losing it or having it stolen from him. Gill testified that appellant said he had not seen the signs in the lobby warning against the introduction of contraband.

Appellant did not testify at trial. Appellant's brother testified to the effect that he had not asked appellant to bring marijuana.

Pursuant to Fed.R.Crim.P. 30, appellant submitted a requested instruction on the lesser included offense of possession of marijuana, as proscribed by 21 U.S.C. § 844.[2] His request was denied over objection.

In this Circuit entitlement to a lesser included offense instruction is dependent upon satisfaction of the test set forth in *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir. 1974) (emphasis omitted):

(1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater

---

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sentenced appellant to a one-year sentence. Sentence was stayed and a two-year term of probation was imposed conditioned on service of 60 days in a jail-type institution.

2. The statute under which appellant was charged, 18 U.S.C. § 1791, provides:

   Whoever, contrary to any rule or regulation promulgated by the Attorney General, introduces or attempts to introduce into or upon the grounds of any Federal penal or correctional institution or takes or attempts to take or send therefrom anything whatso-

ever, shall be imprisoned not more than ten years.

The implementing regulation promulgated by the Attorney General, 28 C.F.R. § 6.1, forbids the introduction of "anything whatsoever" without the knowledge and consent of the warden.

The lesser offense statute, 21 U.S.C. § 844(a), provides:

   It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter.

offense; (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, *i. e.*, a charge may be demanded by either the prosecution or defense. *See also United States v. Iron Shell*, 633 F.2d 77, 88 (8th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981); *United States v. Scharf*, 558 F.2d 498, 502 (8th Cir. 1977).

The government does not dispute that the first and third requirements of *Thompson* were met. Rather, it contends that the second requirement is not met because possession is not an element of the offense charged under 18 U.S.C. § 1791, and that the fourth requirement is not met because the evidence would not permit the jury rationally to find appellant guilty of mere possession. The government offers no comment on appellant's claim that the fifth requirement of mutuality was met.

■ The second requirement of the *Thompson* test, identity of elements, is troublesome in the context of this case. The lesser included offense doctrine applies if some of the elements of the greater crime constitute the lesser crime. *Berra v. United States*, 351 U.S. 131, 134, 76 S.Ct. 685, 687, 100 L.Ed. 1013 (1956); 2 C. Wright, Federal Practice & Procedure § 515, at 373 (1969) (hereinafter Wright). The doctrine does not apply if some element is required for the lesser offense but not for the greater. Wright, *supra*, at 374; *Kelly v. United States*, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966), *cert. denied*, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967); *United States v. Passman*, 460 F.Supp. 912, 917 (W.D.La. 1978). *But cf. United States v. Whitaker*,

144 U.S.App.D.C. 344, 447 F.2d 314 (1971) (on particular facts that requested charge on unlawful entry should have been given in prosecution for first degree burglary).

The issue here is whether possession is an element of attempting to introduce contraband into a federal facility. The government contends that possession is not an element, inasmuch as § 1791 would reach the actions of a person who mailed contraband into a prison or who hired another to bring it in. Appellant argues that a finding of actual or constructive possession is necessary for conviction under § 1791.

We have found no cases directly on point, although *United States v. Ahmad*, 347 F.Supp. 912 (M.D.Pa.1972), *aff'd in part and rev'd in part sub nom. United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973), supports the government's position. In *Ahmad*, the district court concluded that an attempt to introduce contraband had been proved against an outside sender who transmitted her unapproved letters through an inmate courier. The outside sender had no possession, actual or constructive, of the letters at the time of the courier's introduction of them into the prison.

Other courts have approved conviction on multiple counts of introduction of contraband into a federal correctional facility and possession of a controlled substance in violation of 21 U.S.C. § 841 or 21 U.S.C. § 844. *United States v. Corral*, 578 F.2d 570 (5th Cir. 1978); *United States v. Yanishefsky*, 500 F.2d 1327 (2d Cir. 1974); *United States v. Jiminez*, 454 F.Supp. 610 (M.D.Tenn. 1978); *United States v. Ward*, 431 F.Supp. 66 (W.D.Okl.1976). These cases lend further support to the government's position that possession of marijuana constitutes a distinct offense which could have been charged against appellant in addition to attempting to introduce contraband.[3]

---

**3.** We have considered the present appeal in light of statutes which can be considered relevant by analogy and find these analyses to be inconclusive.

Facilitating the sale of narcotics, 21 U.S.C. § 174 (repealed 1970), has been held not to require possession, because one can facilitate

the sale of narcotics without ever possessing them. *Kelly v. United States*, 125 U.S.App. D.C. 205, 370 F.2d 227 (1966), *cert. denied*, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967); *see also Waker v. United States*, 344 F.2d 795, 798 (1st Cir. 1965) (unlawful possession of mar-

We conclude that possession, though present here, is not an element of the crime of attempting to introduce contraband into a federal correctional institution. The lesser included offense doctrine does not apply where the lesser offense includes an element, such as possession, not required for the greater offense. *United States v. Beneke*, 449 F.2d 1259, 1262 (8th Cir. 1971).

In addition, we conclude that the fourth requirement for appellant's requested instruction was not met. Under this requirement, there must be sufficient dispute on the additional element of the greater offense that the jury could reasonably find the defendant guilty of the lesser offense. The disputed element of the greater offense here is appellant's intent to introduce the marijuana into the Sandstone prison.

At trial, appellant's intent was placed in dispute only by appellant's statement to correctional officers that he wished to avoid losing the package, by the suggestion of appellant's attorney that appellant might have wanted to be able to swallow the marijuana to avoid detection, and by the testimony of appellant's brother that he had not asked appellant to bring marijuana.

Against this testimony is strong circumstantial evidence of a deliberate intent to smuggle the marijuana into the prison facility. Appellant brought the concealed package into the visitor's area and risked its detection in the metal detector. He did not initially utilize the lockers provided for visitor's belongings. Moreover, the marijuana was concealed in balloons suitable for secretion in body cavities. In these circum-

stances, the district court justifiably concluded that the jury could not rationally find appellant guilty of the lesser offense of possession. A lesser included offense instruction is not required unless the evidence warrants it. *Beck v. Alabama*, 447 U.S. 625, 635–36 nn.11 & 12, 100 S.Ct. 2382, 2388–2389 nn.11 & 12, 65 L.Ed.2d 392 (1980); *United States v. Klugman*, 506 F.2d 1378, 1380 (8th Cir. 1974).

Given our conclusion that two requirements for a lesser included offense instruction were not met, we do not reach the question whether the mutuality requirement was met here. We intimate no position on appellant's request that we follow the lead of the Court of Appeals for the District of Columbia Circuit in abandoning the mutuality requirement. *See United States v. Whitaker, supra*, 447 F.2d at 321–22.

The judgment and conviction of the district court is affirmed.

---

ijuana not a lesser included offense to illegal transfer).

On the other hand, this court has held that the offense of distribution of a controlled substance, 21 U.S.C. § 841(a)(1), requires possession, and that simple possession under 21 U.S.C. § 844(a) is a lesser included offense. *United States v. Howard*, 507 F.2d 559, 561 n.4 (8th Cir. 1974); *see also United States v. Klugman*, 506 F.2d 1378, 1380 (8th Cir. 1974).

Cases involving possession, 21 U.S.C. § 844, and possession with intent to distribute a con-

trolled substance, 21 U.S.C. § 841, are not apposite. *E. g., United States v. Brischetto*, 538 F.2d 208 (8th Cir. 1976). Possession is statutorily stated as an element of each offense involved in *Brischetto*.

Given the divergence of case law on arguably analogous statutes, we do not consider ourselves bound by any argument by analogy which might be derived from the possession and distribution statutes at issue in *Howard* and *Klugman*.